IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CABALLERO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| FCI LENDER SERVICES, INC., and | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY FSB AS OWNER TRUSTEE | ) | |
| OF THE RESIDENTIAL CREDIT | ) | |
| OPPORTUNITIES TRUST V-E, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE FEDERAL DISTRICT COURT JUDGE:

NOW COMES Plaintiff ANTONIO CABALLERO who files this Original Complaint against Defendants FCI LENDER SERVICES, INC., and WILMINGTON SAVINGS FUND SOCIETY FSB AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-E, and in support hereof would respectfully show unto the Court as follows:

### A.

### NATURE OF ACTION

1.      Plaintiff brings this action to allege that Defendants violated provisions of Texas Property Code § 51.002, when they engaged in a foreclosure sale of his homestead property.

2.      Plaintiff further alleges that Defendants violated provisions of the governing deed of trust document regarding the sale of Plaintiff's homestead property.

3.      Plaintiff brings this action to set aside the foreclosure sale of his homestead property, declaratory relief, and recovery of his attorney's fees and costs caused by Defendants' conduct as alleged herein.

## B.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this civil action involves a controversy between citizens of different states.

5.      Plaintiff is a citizen of the State of Texas in that he was residing and domiciled in Texas at all material times.

6.      Plaintiff was the owner of the real property located at 14105 Rocksprings Court, Dallas, Texas 75254 (the "subject property").

7.      Defendant FCI Lender Services, Inc. ("FCI"), is a California Corporation.

8.      A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center"). *See* 28 U.S.C. § 1332 (c)(1).

9.      FCI is not incorporated in Texas, nor is its principal place of business located in Texas.

10.     Therefore, FCI is a citizen of California for purposes of diversity jurisdiction.

11.     Defendant FCI's registered agent is Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201, where it may be served with process.

12.     Defendant Wilmington Fund Society FSB As Owner Trustee of the Residential Credit Opportunities Trust V-E ("Wilmington") is a federal savings bank that maintains its headquarters and principal place of business in Delaware.

13.     Therefore, Wilmington is a citizen of Delaware for purposes of diversity jurisdiction.

14.     Defendant Wilmington maintains a principal place of business located at 500 Delaware Avenue, Wilmington, Delaware 19801, where it may be served with process.

## C.

### AGENCY AND *RESPONDEAT SUPERIOR*

15.     Wherever it is alleged that a Defendants did anything, or failed to do anything, it is meant that such conduct was done by that Defendants' employees, vice principals, agents, attorneys, predecessors-in-interest, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by that Defendants, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority.

16.     Plaintiff did rely to his detriment on Defendants' representatives being vested with authority for their conduct.  Defendants are vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of that Defendants' affiliated entities by virtue of *respondeat superior*, apparent authority and *estoppel* doctrines.

## D.

### TEXAS PROPERTY CODE

17.     Plaintiff incorporates the prior paragraphs as though fully set forth herein.

18.     Texas Property Code § 51.002 sets forth specific procedures regarding the sale of real property under a contract lien.

19.     Plaintiff's homestead was the subject of a foreclosure sale that purportedly occurred in Dallas County, Texas, on April 5, 2022.

20.     Plaintiff contends, and alleges herein, that Defendants' sale of his homestead on April 5, 2022, did not comply with Texas Property Code § 51.002.

21.     Specifically, Plaintiff personally attended the foreclosure sales in Dallas County on April 5, 2022.  According to the Notice of Sale, a copy of which is attached hereto as **Exhibit A** and incorporated by reference, Plaintiff's property was scheduled to be sold between 1:00 p.m. and 4:00 p.m. *See* Exhibit A.

22.     Plaintiff was in attendance at the courthouse steps on the day of the foreclosure sale prior to 1:00 p.m. and beyond 4:00 p.m.

23.     Plaintiff attended the sale with another individual with the intent of bidding on the subject property.

24.     Plaintiff would testify in this case that no sale of his property occurred during the timeframe as identified on the Notice of Sale.

25.     Notwithstanding Plaintiff's personal knowledge that no sale of the property actually occurred during the time set forth on the Notice of Sale, Defendant Wilmington has since filed eviction proceedings against Plaintiff and all occupants of the subject property wherein it maintains that the property was sold on April 5, 2022, in accordance with the Notice of Sale and applicable provisions of the Texas Property Code.

26.     Plaintiff contends and alleges herein that Defendants' failure to strictly adhere to the provisions of the Texas Property Code render the foreclosure sale as void.

**E.**

## ACTION TO SET ASIDE FORECLOSURE SALE

27.     Plaintiff incorporates the prior paragraphs as though fully set forth herein.

28.     "A foreclosure sale not conducted in accordance with the deed of trust gives rise to a cause of action to set aside the sale the resulting trustee's deed." *See* University Savs. Ass'n v. Springwoods Shopping Ctr., 644 S.W.2d 705, 706 (Tex. 1983).

29.     Here, the deed of trust incorporates the terms of Texas Property Code § 51.002.

30.     Plaintiff contends and alleges herein that the foreclosure sale of the subject property on April 5 2022 did not comply with Texas Property Code § 51.002.

31.     Hence, Plaintiff further contends and alleges herein that the foreclosure sale of the subject property did not comply with pertinent provisions of the deed of trust.

32.     Therefore, Plaintiff herein asserts a cause of action to set aside the foreclosure sale and resulting trustee's deed.

**F.**

## DECLARATORY JUDGMENT

33.     Plaintiff incorporates the prior paragraphs as though fully set forth herein.

34.     Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. *See* 28 U.S.C. § 2201(a).

35.     Here, Plaintiff seeks judicial declaration regarding Plaintiff's interest in the subject property in light of the allegations that Defendants did not strictly adhere to the statutory provisions governing the foreclosure sale of the subject property.

36.     Plaintiff alleges an "actual controversy" concerning the parties' respective rights and interests in the subject property.

37.     The actual controversy is substantial and concrete in that Defendant Wilmington actively seeks to take possession of the subject property through forcible detainer proceedings.

38.     Plaintiff seeks the discretionary power of the Court to make declarations deemed necessary with respect to the parties' immediate rights and interests in the subject property.

## G.

## QUALIFIED WRITTEN REQUEST / REQUEST FOR ACCOUNTING

39.     Plaintiff incorporates the prior paragraphs as though fully set forth herein.

40.     Plaintiff would show the Court that he tendered two (2) Qualified Written Requests, the first on or about March 28, 2022; the second on or about April 1, 2022 (the "requests").  True and accurate copies of the requests are attached hereto as **Exhibit B** and incorporated by reference herein.

41.     Plaintiff tendered the requests to Defendants to address an accounting issue with the loan.

42.     As referenced in the March 28, 2022 request, Plaintiff made payments of $4180.16 on March 1, 2015; and $100,620.39 on May 15, 2015.  Proof of these payments is attached hereto as **Exhibit C** and incorporated by reference herein.

43.     Subsequent to the payments totaling $104,800.55, Defendants produced statements that did not reflect credit of said payment.

44.     Plaintiff contends and herein alleges that Defendants failed to credit the underlying loan balance with payments totaling $104,800.55.

45.   Accordingly, Plaintiff herein seeks an accounting of the loan to determine/establish whether the loan balance was accurate at the time of acceleration of the loan.

## H.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear; that upon final judgment, Plaintiff have the following:

- judgment setting aside the April 5, 2022 foreclosures sale of the subject property;

- declaration(s) regarding the parties' interests and rights in the subject property;

- recovery of his consequential damages as established by the evidence;

- recovery of his costs of court;

- recovery of his reasonable and necessary attorney's fees; and

- such further relief, at law or equity, to which Plaintiff may be justly entitled.

Dated: July 20, 2022

Respectfully submitted,

*/s/ Wade Kricken*

Wade Kricken
State Bar No. 24034527
4261 E. University Drive
Suite 30-261
Prosper, Texas 75078
214.418.1187 – telephone
214.593.3108 – facsimile

ATTORNEY FOR PLAINTIFF
ANTONIO CABALLERO

# EXHIBIT A

eh



**ORIGINAL FILED**
FEB 2022
JOHN F. WARREN
COUNTY CLERK
RECORDING DIVISION
DALLAS COUNTY, TEXAS

## Notice of Substitute Trustee Sale

T.S. #: 19-2066

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**Date, Time, and Place of Sale** - The sale is scheduled to be held at the following date, time and place:

| | |
|---|---|
| Date: | **4/5/2022** |
| Time: | The sale will begin no earlier than 1:00 PM or no later than three hours thereafter. The sale will be completed by no later than 4:00 PM |
| Place: | **Dallas** County Courthouse in **DALLAS**, Texas, at the following location: **the outside area on the north side of the George Allen Courts Building facing Commerce Street below the overhang.** OR IN THE AREA DESIGNATED BY THE COMMISSIONER'S COURT, PURSUANT TO SECTION 51.002 OF THE TEXAS PROPERTY CODE |

**Property To Be Sold** - The property to be sold is described as follows:

**BEING LOT 1, IN BLOCK 1/8175 OF WILLIAMSBURG AT PRESTON, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 78090, PAGE 1397 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.**

**Instrument to be Foreclosed** -- The instrument to be foreclosed is the Deed of Trust is dated 3/13/2006 and is recorded in the office of the County Clerk of Dallas County, Texas, under County Clerk's File No 200600112385 recorded on 3/28/2006 in Book  Page  of the Real Property Records of Dallas County, Texas. The subject Deed of Trust was modified by Loan Modification recorded as Instrument 201500086197 and recorded on 04/08/2015.

14105 ROCKSPRINGS CT
DALLAS, TX 75254

| | | | |
|---|---|---|---|
| Trustor(s): | **ANTONIO CABALLERO** | Original Beneficiary: | **WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNS** |
| Current Beneficiary: | **Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E** | Loan Servicer: | **American Mortgage Investment Partners Management, LLC** |
| Current Substituted Trustees: | **Auction.com, Donna Stockman, Brenda Wiggs, David Stockman, Michelle Schwartz, Guy Wiggs, Kathy Arrington, Janet Pinder, Shelley Ortolani, Mary Mancuso, Michele Hreha, Francesca Ortolani, Rick Snoke, Prestige Default Services, LLC** | | |

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.



T.S. #: 19-2066

**Terms of Sale** - The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the deed of trust permitting the beneficiary thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the deed of trust at the time of sale. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any. Pursuant to the Deed of Trust, the beneficiary has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in "as is, where is" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the deed of trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property. Pursuant to section 51.0075 of the Texas Property Code, the trustee reserves the right to set further reasonable conditions for conducting the sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by the trustee or any substitute trustee.

**Type of sale** - The sale is a non-judicial deed of trust lien and security interest foreclosure sale being conducted pursuant to the power of the sale granted by the deed of trust executed by ANTONIO CABALLERO, A MARRIED MAN. The real property and personal property encumbered by the deed of trust will be sold at the sale in accordance with the provisions of the deed of trust and as permitted by section 9.604(a) of the Texas Business and Commerce Code.

**Obligations Secured** - The deed of trust provides that it secures the payment of the indebtedness and obligations therein described (collectively the "Obligations") including by not limited to (1) the promissory note in the original principal amount of $514,450.00, executed by ANTONIO CABALLERO, A MARRIED MAN, and payable to the order of WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNS; (2) all renewals and extensions of the note; and (3) any and all present and future indebtedness of ANTONIO CABALLERO, A MARRIED MAN to ANTONIO CABALLERO. Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E is the current owner and holder of the Obligations and is the beneficiary under the Deed of Trust.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Questions concerning the sale may be directed to the undersigned or to the beneficiary:

**Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E**
c/o American Mortgage Investment Partners Management, LLC
2999 Westminster
Seal Beach, CA 90740
562-735-6555

# EXHIBIT B

Ryan Daniel, Attorney at Law, PLLC
1525 US Hwy 380, Suite 500 #102
Frisco, Texas 75033

Licensed in: The State of Texas; &
The United States District Court,
E and N Districts of Texas

TO:
FCI Lender Services, Inc.
PO Box 28720
Anaheim, CA 92809-0157



VIA: Certified Mail; US First Class Mail; and Courtesy Copy to Trustee

RE:   Borrower:          Antonio Caballero

       Property Address:  14105 Rocksprings Ct., Dallas, TX 75254

       Account Number:    9160052670

## R.E.S.P.A.: QUALIFIED WRITTEN REQUEST

To Whom It May Concern:

Please be advised that I represent the above-referenced borrower with respect to the mortgage loan you are servicing on the above-referenced property. My client has authorized me to send this request on his behalf. Specifically, we are providing you with a notice of error concerning the servicing of this loan and are requesting that these errors be corrected, or that you provide us with the documents that you depended on should you determine there is no error.

As servicer of my client's mortgage loan, please treat this letter as a "Qualified Written Request" under the Federal Servicer Act and as a "Notice of Error" under the Real Estate Settlement Procedures Act (RESPA), 12 C.F.R. §1024.35; and, as pursuant to the Real Estate Settlement Procedures Act, subject to the response period set out in Regulation X, Subpart C, 12 C.F.R. §1024.30 to 12 C.F.R. §1024.41.

Please note the borrower questions and disputes the amount claimed as due, the servicing of this account, the application of payments to this account, and your right to service and/or take collection action (including foreclosure action) regarding this account.

1525 US Hwy 380, Suite 500 #102, Frisco, Texas 75033; ryan@ryandaniellaw.com; 469-688-0621

Ryan Daniel, Attorney at Law, PLLC
1525 US Hwy 380, Suite 500 #102
Frisco, Texas 75033

Licensed in: The State of Texas; &
The United States District Court,
E and N Districts of Texas

---

Pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 C.F.R. §1024.35(a) please respond to this written notice asserting the following errors:

1. Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law. **Specifically**: an unapplied payment made on May 15th, 2015 in the amount of $100,620.39 and another in the amount of $4,180.16 made on March 1st, 2015. See attached copy of cashier's checks.
2. Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt.
3. Failure to provide an accurate payoff balance amount upon a borrower's request.

In addition to the above responses required under Federal and Texas Law, we are also requesting the following documents. (Regardless of how many servicers were involved, as the alleged current servicer, you are responsible to provide the requested information):

1. A complete and itemized statement of the loan history from the origination date of the loan to the date of this letter including but not limited to, all receipts by way of payment or otherwise, and all charges to the loan in whatever form. This history should include the date of each and every debit and credit to any account related to this loan, the nature and purpose of each such debit and credit, and the name and address of the payee of any type of disbursement related to this account.
   a. **SPECIFIC CONCERN**: in your response to our QWR from November 2021 you stated that "FCI was not the servicer for the original Lender and can only provide the information included in the loan file that transferred to us". While this was all you may have been able to provide at the time, you are otherwise obligated under Regulation X to ensure you obtain and maintain the entire payment history as per § 1024.38(c)(2)(i) which states:
      i. "**(c)Standard requirements** – ... **(2) Servicing file.** A servicer shall maintain the following documents and data on each mortgage loan account serviced by the servicer in a manner that facilitates compiling such documents and data into a servicing file within five days: **(i)**A schedule of *__ALL__* transactions credited or debited to the mortgage loan account, including any escrow account as defined in § 1024.17(b) and any suspense account;" (*emphasis added*);
      ii. and as per § 1024.38(b)(4)(ii) which states:
      iii. "**(4)Facilitating transfer of information during service transfers.** The policies and procedures required by paragraph (a) of this section shall be reasonably designed to ensure that the servicer can: ... **(ii)**As a transferee servicer, identify necessary documents or information that may not have been transferred by a transferor servicer and obtain such documents from the transferor servicer."

Please provide your written responses, as required by law, to the address listed on the bottom of this letterhead within the statutory period allowed under 12 C.F.R. §1024.35(d) and 12 C.F.R. §1024.35(e).

---

1525 US Hwy 380, Suite 500 #102, Frisco, Texas 75033; ryan@ryandaniellaw.com; 469-688-0621           2

Ryan Daniel, Attorney at Law, PLLC
1525 US Hwy 380, Suite 500 #102
Frisco, Texas 75033

Licensed in: The State of Texas; &
The United States District Court,
E and N Districts of Texas

**You should be advised that within FIVE (5) DAYS you must send us a letter stating that you received this letter. After that time, you have THIRTY (30) DAYS to fully respond as per the time frame mandated by Congress, in "Subtitle 'E' Mortgage Servicing" of the "Dodd- Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1).**

**You should also be advised that the borrower herein will seek the recovery of damages, costs, and reasonable legal fees for each failure to comply with the questions and requests herein. The borrower also reserves the right to seek statutory damages for each violation of any part of Section 2605 of Title 12 of the United States Code in the amount of $2,000.00 for each violation.**

## TRUTH – IN-LENDING ACT § 131(f)(2)

Pursuant to 15 U.S.C. § 1641 (f):

Please provide the name, address and telephone number of the current owner(s) of the mortgage and the master servicer of the mortgage.

**You should be advised that Violations of this Section provide for statutory damages of up to $4,000 and reasonable legal fees. The amendments also clearly provide that the new notice rules are enforceable by private right of action. *15 USC 1641.***

**SPECIFIC CONCERN**: In your November response to our last QWR you stated that the name of the current Lender was "Wilmington Savings Fund Society, FSB, as Owner Trustee of Residential Credit Opportunities Trust V-D (RCO)." The most recent notice of foreclosure states that the current Lender/Beneficiary is under a similar name as the Trust that you listed in your letter, only it ends with "V-E" instead of "V-D (RCO)". However, the assignment of deed of trust you included in your response, and the only one to be found in the Dallas County Property Records has the assignment going to "Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, as Trustee for the Normandy Mortgage Loan Trust, Series 2015-1". So, which is it? What entity actually owns the mortgage and actually has the right to foreclose? Is there an assignment from the Normandy Mortgage Loan Trust to the Residential Credit Opportunities Trust? Was "V-D (RCO)" just a typo?

In closing, my client would like to propose a short-sale option and request that the foreclosure pending for April 5th, 2022 be passed. Attached to this letter you will find a HUD closing statement. You will note that through this proposed short sale you will recoup $750,000.00 of the defaulted debt. In previous

1525 US Hwy 380, Suite 500 #102, Frisco, Texas 75033; ryan@ryandaniellaw.com; 469-688-0621

Ryan Daniel, Attorney at Law, PLLC
1525 US Hwy 380, Suite 500 #102
Frisco, Texas 75033

Licensed in: The State of Texas; &
The United States District Court,
E and N Districts of Texas

negotiations, you had offered a settlement payoff of approximately $650,000.00.   In light of this, please advise if you are interested in approving this short sale request and can agree to pass on the April 2022 foreclosure auction and will begin the process of short sale approval.


Sincerely,


_____/s/ Ryan Daniel_____
Ryan Daniel, Attorney at Law

Antonio Caballero

14105 Rocksprings Ct.
Dallas, Texas 75254
214 475-3793
Tonioc432@gmail.com

April 1, 2022

FCI Lender Services, Inc.
P.O Box 28720
Anaheim, CA 92809-0157
(800) 931-2424
*via facsimile* (714)) 282-5775

Wilmington Savings Fund Society FSB As Owner Trustee of the Residential
Credit Opportunities Trust V-E
American Mortgage Investment Partners Management , LLC
Attn: Ron McMahan
P.O Box 2741 Seal Beach, CA 90740
562 735-6555b
**via facsimile** 562 594-4591

### Follow up on second QWR
### Send by Ryan Daniel Attorney at law

Ref:

| | |
|---|---|
| **Borrower:** | **Antonio Caballero** |
| **Loan No:** | **9160052670** |
| **Address:** | **14105 Rocksprings Ct, Dallas Tx 75254** |

To Whom It May Concern:

On About Monday the 28th of March the relationship with attorney Ryan Daniels is
No Longer effective how ever he send a 2nd QWR and you answer it. Address to him
He was hired to represent me. And this relationship end on Wednesday 30,2022.
On this 2nd QWR we address some very Severe issues :

1. The Amount that you claim Is Not Correct previously you responded that you did
   this second go round you send a payment history with activity and payments that

you did not consider. There is on Payment of $100,620.39 that was dated 5/15/2015 but you failed to not identify it. We have a copy and order certify copies of front and back this may take 10-15 day to produce,

## NOTICE TO CEASE AND DESIST ON APRIL 05, 2022. FORECLOSURE

Please <u>CEASE AND DESIST</u> from taking any further action regarding the foreclosure of the above-referenced property and loan. Schedule on April 05, 2022..

So, you know, I will file a civil action to prevent a foreclosure, which will place into question the right of the title, ownership and Servicing rights. Demand is hereby made that all efforts of collections be stopped immediately, including any foreclosure proceedings.

This Second go Round you send a Chain Of Title that shows that Your Client is not the Right full owner ...

The First Assignment on Jan 29, 2016. Look ok

The second assignment is wrong  10/31/2018

The Third Assignment is not correct, Assignor did not have the authority to assign The deed. 1/23/2020

Going forward all communication should be done through Antonio Caballero. The Mailing Address is 14105 Rocksprings ct Dallas, Texas 75254 or b phone at 214 475-3793 email: tonioc432@gmail.com

I have made every effort to sale the property. you HAVE BLOCK EVERY EFFORT TRUE Ron McMahan from American Mortgage Investment Partner Management LLC. This last offer your company was going to Clear $800,000.00

At this time as of March 15, 2022. I have not received a proper foreclosure notification. Who is the SERVICER?

Today, you have failed to deliver the required foreclosures notices, or a restatement figure denying me sufficient information to protect my rights and home.

I have being Impacted severely by COVI-19 AND HE HAS RECEIVED NO HELP AT THIS POINT HE IS TRYING TO SALE THE HOUSE BUT MR, RON MCMANHAM HAS REFUSE TO WORK ME..

2

These actions constitute violations of the law, and you should also be advised that I will seek the recovery of damages, costs, and reasonable legal fees for each failure to comply with the questions and requests herein.

**I ask that you provide me with a response by Monday 4th on the April 5.2022 foreclosure.t**

## DISPUTE OF DEBT AND VALIDATION OF DEBT.

Remember, this letter is a **DISPUTE OF DEBT AND VALIDATION OF DEBT** in accordance with the Fair Debt Collection Practices Act, Section 809(b). Pursuant to this act, the borrower has properly issued a written request for proof and written explanations of various information related to the borrower's mortgage. Because your company is the Debt Collector of the borrower's federally related mortgage, your company must comply with this request.

As our research team look on the Dallas County Records, we were not able to find any assignments that gives Wilmington Savings Fund Society FSB As Owner Trustee of the Residential Credit Opportunities Trust V-D

The standing of the Mortgagee of the Note and Deed of Trust and furthermore The Substitute Trustees locks the authority to Foreclose they have not being properly appointed.

Your organization also has a duty to provide the borrower access to the original note. Section of the Texas Business Commerce Code requires mortgagees to demonstrate they have a right to enforce a note by providing access to the original note, original lien instruments, original assignments, and original alonges. Pursuant to the Texas Business Commerce Code, the borrower has demanded verification of your company's right to enforce the note by viewing the applicable original documents. Your company must provide the borrower access to said instruments.

Thank you for your courtesy and cooperation with respect to this request. If you have any questions, please do not hesitate to contact me.

Sincerely,

**Antonio Caballero**
Home Owner

3

# EXHIBIT C

**CASHIER'S CHECK**

MARCH 1, 2015

SERIAL #:  6853201330
ACCOUNT#:  4861-512853

TONIO CABALLERO
IE A CABALLERO
372992
0376        ts000376
or Itame(s)

ER OF    ***RUSHMORE LOAN SERVICES ***
         ***RE: LOAN # 7600030470***

February 16, 2015

sand one hundred eighty dollars and 16 cents***

**$4,180.16**

., N.A.

NOTICE TO PURCHASER--IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A
FEE AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

VOID IF OVER US $  4,180.16

**NON-NEGOTIABLE**

) 394-3122

**Purchaser Copy**

---

-24
0(8)

ABALLERO
        ts000376

**CASHIER'S CHECK**

March 1, 2015

6853201330

: OF    ***RUSHMORE LOAN SERVICES ***
        ***RE: LOAN # 7600030470***

February 16, 2015

and one hundred eighty dollars and 16 cents***

**$4,180.16**

V.A.

394-3122

VOID IF OVER US $  4,180.16

Richard Lang

CONTROLLER

853201330" 121000248"4861 512853"

---

ANTONIO CABALLERO LN:7600030420.
Purchaser

05/15/2015.

ONE HUNDRED THOUSAND SIX HUNDRED TWENTY DOLLARS AND 39 CENTS

Pay to the order of:    RUSHMORE LOAN MANAGEMENT SERVICES LLC.

$100,620.39

PRINCIPAL ONLY
Purchased For

Regions Bank

Authorized Signature