ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 SEP 30  PM 12: 51

DEPUTY CLERK_____Ma

Antonio Caballero
14105 Rocksprings Court
Dallas, Texas 75254
Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CABALLERO, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 3:22-cv-01578 |
| FCI LENDER SERVICES, INC., AND WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-E, | § § § § § § § | |
| Defendants. | | |

## EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Antonio Caballero ("Plaintiff"), pro se, and files this his *Emergency Request for Temporary Restraining Order* and in support thereof, Plaintiff would respectfully show unto the Court as follows:

### NATURE OF ACTION

1. Plaintiff files this Request due to the fact that Defendants violated provisions of Tex. Prop. Code § 51.002, when they engaged in a foreclosure sale of his homestead property ("Property") that is the subject of this suit.

2. Defendant FCI Lender Services, Inc. ("FCI") purportedly conducted a foreclosure sale of that Property on April 5, 2022. Defendant Wilmington Savings Fund Society, FSB, as

Owner Trustee of the Residential Credit Opportunities Trust V-E ("Wilmington") was the purported buyer of the Property at foreclosure.

3. FCI failed to conduct the foreclosure sale in strict compliance with the provisions of both the Deed of Trust and/or the Texas Property Code, to wit, the purported foreclosure sale did not occur at the time and place scheduled for such sale, and as provided in the Notice of Sale. A copy of the notice of sale is attached hereto and incorporated by reference herein as **Exhibit "A."**

4. Plaintiff was in attendance at the sale, but no sale of the property occurred within the timeframe as identified on the Notice of Sale. A verified statement by Plaintiff is attached hereto and incorporated by reference herein as **Exhibit "B."**

5. FCI further failed to credit payments made to it by Plaintiff in the amount of $104,800.55, thereby resulting in inaccurate accounting the balance of the outstanding debt on which the foreclosure sale was based.

6. "Texas courts have consistently held that the terms set out in a deed of trust must be strictly followed."[1] In fact, the Texas Supreme Court has stated that "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust."[2]

7. Here the deed of trust mandated compliance with the provisions of the Texas Property Code. Those provisions were not followed.

8. Despite the failure to conduct a foreclosure sale in accordance with the Texas Property Code, Defendant Wilmington intends to proceed with eviction against Plaintiff and all occupants of the subject property in the case styled as *Caballero v. Wilmington Savings Fund Society, FSB* filed the 44th District Court, Dallas County, Texas (Cause No. 19-04357).

---

[1] *Univ. Sav. Asso. v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982).
[2] *Id.* citing Slaughter v. Qualls, 139 Tex. 340, 346 (Tex. 1942).

9.     Due to FCI's failure to conduct a compliant foreclosure sale, the rights in the Property claimed by Wilmington are in controversy.  Due to such controversy, this Court should prohibit any Defendant or Defendants from proceeding with any eviction of the Plaintiff and/or the occupants from the subject Property.

10.    Despite these pending matters, FCI is now threatening to evict Plaintiff from the Property and a sheriff has executed a writ of possession.  A copy of this notice is attached hereto and incorporated by reference herein as **Exhibit "C."**

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

11.    Plaintiff requests this Court to restrain Defendant, Defendant's officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the Property, reporting the Property for any other sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the Property during the pendency of this cause. Unless this Court immediately restrains Defendant, Defendant's officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the Property, reporting or listing Property for any other sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the Property during the pendency of this cause, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete and final relief. More specifically, Plaintiff will show unto this Court the following:

    a.  The harm to Plaintiff is imminent because Plaintiff's Property is at immediate risk of eviction, sale or re-sale, alteration, or destruction whereupon Plaintiff

would lose the ability to recover its property should Plaintiff prevail in this action.

b. There is no adequate remedy at law that will give Plaintiff complete and final relief if the Temporary Restraining Order is not granted, and any transfer, alteration, or destruction of the property is allowed to occur.

c. Plaintiff is willing to post a reasonable temporary restraining order bond and hereby requests this Honorable Court to set such bond at a reasonable amount.

d. Plaintiff has met its burden by establishing each element that must be present before injunctive relief can be granted by this Court, and Plaintiff therefore is entitled to the requested temporary restraining order.

12. Plaintiff is likely to succeed on the merits of this lawsuit.

## PRAYER

**WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS:**

1. That an emergency hearing be set on this matter prior to the pending eviction on October 3, 2022;

2. That a temporary restraining order will be issued, restraining Defendant, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from conducting the scheduled foreclosure sale, directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the Property, reporting or listing the Property for any sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the Property during the pendency of this cause;

3. That the Court sets a reasonable bond for the temporary restraining order;

4. That, after notice and hearing, the Court issue a temporary injunction enjoining and restraining Defendant, Defendant's officers, agents, servants, employees, successors and assigns,

constables, sheriffs, Justices of the Peace, and attorneys from conducting any foreclosure sale, directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting the Property for any sale, or from otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the Property during the pendency of this cause;

5. That, after trial on the merits, the Court permanently enjoin Defendant, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from conducting any foreclosure sale, directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the Property, reporting the Property for any other sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the Property;

6. Damages in an amount not to exceed the jurisdictional limits of this Court;

7. Economic Damages;

8. Punitive Damages;

9. Exemplary Damages;

10. Equitable Relief;

11. Costs of Court; and

12. All other relief to which Plaintiff is entitled;

13. Plaintiff prays for general relief.

DATED: September 30, 2022.

Respectfully submitted,

*/s/ Antonio Caballero*
Antonio Caballero
14105 Rocksprings Court
Dallas, Texas 75254
Phone: 214 475-3793
Email: Tonioc437@gmail.com
Pro Se

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 30, 2022, a true and correct copy of the foregoing document was filed and served on opposing counsel in accordance with the Federal Rules of Civil Procedure.

*/s/ Antonio Caballero*
Antonio Caballero
Pro Se

# EXHIBIT A



# Notice of Substitute Trustee Sale

T.S. #: 19-2066

Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.

**Date, Time, and Place of Sale** - The sale is scheduled to be held at the following date, time and place:

| | |
|---|---|
| Date: | 4/5/2022 |
| Time: | The sale will begin no earlier than 1:00 PM or no later than three hours thereafter. The sale will be completed by no later than 4:00 PM |
| Place: | Dallas County Courthouse in DALLAS, Texas, at the following location: the outside area on the north side of the George Allen Courts Building facing Commerce Street below the overhang. OR IN THE AREA DESIGNATED BY THE COMMISSIONER'S COURT, PURSUANT TO SECTION 51.002 OF THE TEXAS PROPERTY CODE |

**Property To Be Sold** - The property to be sold is described as follows:

BEING LOT 1, IN BLOCK 1/8175 OF WILLIAMSBURG AT PRESTON, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 78090, PAGE 1397 OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.

**Instrument to be Foreclosed** – The instrument to be foreclosed is the Deed of Trust is dated 3/13/2006 and is recorded in the office of the County Clerk of Dallas County, Texas, under County Clerk's File No 200600112385 recorded on 3/28/2006 in Book   Page   of the Real Property Records of Dallas County, Texas. The subject Deed of Trust was modified by Loan Modification recorded as Instrument 201500086197 and recorded on 04/08/2015.

14105 ROCKSPRINGS CT
DALLAS, TX 75254

| Trustor(s): | **ANTONIO CABALLERO** | Original Beneficiary: | **WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNS** |
|---|---|---|---|
| Current Beneficiary: | **Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E** | Loan Servicer: | **American Mortgage Investment Partners Management, LLC** |
| Current Substituted Trustees: | Auction.com, Donna Stockman, Brenda Wiggs, David Stockman, Michelle Schwartz, Guy Wiggs, Kathy Arrington, Janet Pinder, Shelley Ortolani, Mary Mancuso, Michele Hreha, Francesca Ortolani, Rick Snoke, Prestige Default Services, LLC | | |

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.



T.S. #: 19-2066

**Terms of Sale** - The sale will be conducted as a public auction to the highest bidder for cash, subject to the provisions of the deed of trust permitting the beneficiary thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the deed of trust at the time of sale. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any. Pursuant to the Deed of Trust, the beneficiary has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in "as is, where is" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the deed of trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the property. Pursuant to section 51.0075 of the Texas Property Code, the trustee reserves the right to set further reasonable conditions for conducting the sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by the trustee or any substitute trustee.

**Type of sale** - The sale is a non-judicial deed of trust lien and security interest foreclosure sale being conducted pursuant to the power of the sale granted by the deed of trust executed by ANTONIO CABALLERO, A MARRIED MAN. The real property and personal property encumbered by the deed of trust will be sold at the sale in accordance with the provisions of the deed of trust and as permitted by section 9.604(a) of the Texas Business and Commerce Code.

**Obligations Secured** - The deed of trust provides that it secures the payment of the indebtedness and obligations therein described (collectively the "Obligations") including by not limited to (1) the promissory note in the original principal amount of $514,450.00, executed by ANTONIO CABALLERO, A MARRIED MAN, and payable to the order of WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNS; (2) all renewals and extensions of the note; and (3) any and all present and future indebtedness of ANTONIO CABALLERO, A MARRIED MAN to ANTONIO-CABALLERO. Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E is the current owner and holder of the Obligations and is the beneficiary under the Deed of Trust.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Questions concerning the sale may be directed to the undersigned or to the beneficiary:

Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E
c/o American Mortgage Investment Partners Management, LLC
2999 Westminster
Seal Beach, CA 90740
562-735-6555

# EXHIBIT B

## AFFIDAVIT OF ANTONIO CABALLERO

STATE OF TEXAS §
§
COUNTY OF DALLAS §

On this day, Antonio Caballero, appeared before me, the undersigned notary public, and, after being by me first duly sworn, state that he has read the foregoing *Emergency Request for Temporary Restraining Order Proscribing Eviction* and that the factual allegations stated therein are within his personal knowledge and are true and correct.

_____
Antonio Caballero

SUBSCRIBED AND SWORN TO BEFORE ME on September 30, 2022 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, State of Texas

My Commission Expires:

1-22-2025



DIAN GWINNUP
Notary Public, State of Texas
Comm. Expires 01-22-2025
Notary ID 4210918

# EXHIBIT C



OFFICE OF CONSTABLE
BEN ADAMCIK
PRECINCT NO. 3, DALLAS COUNTY

## 24 HOUR NOTICE TO VACATE
## FINAL NOTICE

A COURT ORDER NO. ~~5-2~~ CC2203771C HAS BEEN ISSUED ORDERING YOUR IMMEDIATE EVICTION FROM THIS PROPERTY.

14105 RockSprings CT DYS, TX

THIS NOTICE WAS POSTED ON: 9-28- , 2022 _____ AM/PM.

\*\*\* NOTE: A MOVING CREW WILL BE HERE IN 24 HOURS OR ANYTIME THEREAFTER, AND ALL REMAINING POSSESSIONS WILL BE REMOVED FROM THE PREMISES AND PLACED ON THE CURB. IF ANY ANIMALS ARE ABANDONED, CHARGES MAY BE FILED BY ANIMAL SERVICES. \*\*\*

---

## AVISO DE 24 HORAS PARA VACAR
## NOTICIA FINAL

SE HA EMITIDO UN # _____ DE PEDIDO JUDICIAL PEDIENDO SU EVICCION INMEDIATA DE ESTA PROPIEDAD.

_____

ESTA NOTIFICACION FUE PUBLICADA EN: _____, 2022 _____ AM/PM.

\*\*\* NOTA: UNA TRIPULACION EN MOVIMIENTO ESTARA AQUÍ EN 24 HORAS O EN CUALQUIER MOMENTO DESPUES, Y TODAS LAS POSESIONES RESTANTES SERAN RETIRADAS DE LAS LOCALES Y COLOCADAS EN LA CALLE. SI SE ABANDONAN ANIMALES, LOS SERVICIOS DE ANIMALES PUEDEN PRESENTAR CARGOS. \*\*\*

BEN ADAMCIK
CONSTABLE, PRECINCT NO. 3
DALLAS COUNTY, TEXAS

V. Griffin, Badge #3788
Deputy / Agente

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CABALLERO, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. 3:22-cv-01578 |
| FCI LENDER SERVICES, INC., AND WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-E, | § § § § § § § | |
| Defendants. | | |

## ORDER GRANTING PLAINTIFF'S EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

**Antonio Caballero**, Plaintiff in this cause, filed an application for temporary restraining order herein. It clearly appears from the facts set forth that unless Defendant or agents of the Defendant are not immediately restrained from foreclosing and evicting on the property located at 14105 Rocksprings Court, Dallas, Texas 75254 (the "Property"), they will proceed to evict the Plaintiff on October 3, 2022, and if the commission of this act is not restrained immediately, the Plaintiff will suffer irrepable harm.

**IT IS, THEREFORE ORDERED** that a temporary restraining order is hereby issued, restraining Defendant, Defendant's officers, agents, servants, employees, and assignes, constables, sheriffs, Justices of the Peace, and attorney from conducting the scheduled eviction, directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the Property, reporting or listing the Property for any sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the Property.

**IT IS FURTHER ORDERED** that Defendant or anyone acting on behalf of or for the benefit of the Defendant in this cause, appear before this Court on _____ [Date], at