IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO CABALLERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-1578-N |
| | § | |
| FCI LENDER SERVICES, INC. *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

This order addresses Plaintiff Antonio Caballero's motion for temporary restraining order ("TRO") [20]. The Court denies the motion for TRO because Caballero has not demonstrated a substantial likelihood that he will prevail on the merits.

To obtain a TRO, the movant must demonstrate: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that imminent and irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Authority of the State of Florida v. Callway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). A preliminary injunction "is appropriate only if the anticipated injury is imminent and irreparable," *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), and not speculative. *ADT, LLC v. Capital Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (holding that "[s]peculative injury is not sufficient" to show irreparable harm). The party seeking

ORDER – PAGE 1

preliminary injunctive relief carries the burden of persuasion on all four requirements. *Bluefield Water Assoc., Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

A TRO is a "highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. 2009). As such, a movant must establish the same four elements as for a preliminary injunction. However, TROs generally "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

Caballero carries the burden of persuasion on all four elements; unless he proves a substantial likelihood of prevailing on the merits, the Court cannot issue the requested injunctive relief. Here, Caballero fails to prove a substantial likelihood of prevailing on the merits for three independent reasons.

First, Caballero's request runs afoul of The Anti-Injunction Act. "The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of La.,* 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283)). Federal courts may enjoin state court proceedings in "only three specific circumstances"; Caballero does not offer any arguments explaining why the requested relief falls into one of these exceptions. *Id*. Accordingly, the Court cannot provide the relief requested.

Second, the Rooker-Feldman doctrine prohibits this Court from interfering with the state court proceedings authorizing the impending eviction. Except when authorized by Congress, inferior federal courts may not "modify or reverse state court judgments." *Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457, 462 (5th Cir. 2004). Caballero's TRO,

in effect, collaterally attacks on the underlying state-court judgment, and the Rooker-Feldman doctrine precludes this Court from exercising subject-matter jurisdiction.

Lastly, Caballero has failed to provide enough factual substance in his complaint [1], response to Defendant's motion to dismiss [18], or motion for TRO [20] to convince the Court that he will prevail on the merits. Caballero's complaint largely recites conclusory allegations, and his response to the motion to dismiss does not apply the few substantive facts to the elements of the cause of action. Because Caballero has not provided a strong factual basis to support his claims, the Court cannot conclude that Caballero has a substantial likelihood of prevailing on the merits. Accordingly, the Court denies Caballero's motion for TRO.

Furthermore, the Court notes that Caballero filed his motion for TRO *pro se* despite being represented by counsel in this case. While Caballero is entitled to proceeding *pro se* or with counsel, he is not entitled to proceed in a hybrid form of representation.

Signed October 3, 2022.

David C. Godbey
Chief United States District Judge