# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ANTONIO CABALLERO, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:22-CV-1578-N-BH |
| § | |
| FCI LENDER SERVICES, INC. et al., § | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendants FCI Lender Services, Inc[.'s] and Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E['s] Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for a More Definite Statement*, filed August 25, 2022 (doc. 14). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, the claims for declaratory relief and an accounting should be **DISMISSED** *sua sponte*, and the alternative motion for a more definite statement should be **DENIED as moot**.

## I. BACKGROUND

This case involves the foreclosure of real property located at 14105 Rocksprings Court, Dallas, Texas 75254 (Property), which Antonio Caballero (Plaintiff) contends he owns. (*See* doc. 1 at 2.)[2]

In February 2022, a Notice of Substitute Trustee Sale (Notice of Sale) was recorded in the Real Property Records of Dallas County, Texas. (*Id.* at 9-10.) It stated that the foreclosure sale was being conducted pursuant to a deed of trust (Deed of Trust), which granted a security interest and

---

[1] By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

power of sale in the Property to secure repayment for the indebtedness and obligations of Plaintiff (Obligations). (*Id.* at 10.)   According to the Notice of Sale, Wilmington Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E (Wilmington) is the current owner and holder of the Obligations and the beneficiary under a deed of trust (Deed of Trust). (*Id*. at 10.) The foreclosure sale was scheduled to occur outside the Dallas County Courthouse between 1:00 p.m. and 4:00 p.m. on April 5, 2022. (*Id.* at 9.)

On March 28 and April 1, 2022, Plaintiff sent Qualified Written Requests (QWRs) to FCI Lender Services, Inc. (FCI), the mortgage servicer, and Wilmington (collectively Defendants) "to address an accounting issue with [his] loan." (*Id.* at 6, 12-18.) He advised them that past payments totaling $104,800.55 had not been credited to his mortgage loan account, and he demanded that they stop the foreclosure sale. (*Id.* at 12-18.) He contends that he was "at the courthouse steps . . . prior to 1:00 p.m. and beyond 4:00 p.m" on April 5, 2022, but no sale of the Property was conducted "during the timeframe identified in the Notice of Sale." (*Id.* at 4.) Claiming that the Property was sold on April 5, 2022, however, Wilmington has filed eviction proceedings against him. (*Id.*)

On July 20, 2022, Plaintiff sued Defendants for wrongful foreclosure, declaratory relief, and an accounting. (*Id.* at 3-7.) He alleges that the foreclosure sale of the Property did not strictly comply with the terms of the Deed of Trust and Texas Property Code § 51.002. (*Id.* at 4.) He also alleges that he made payments totaling $104,800.55, but that Defendants "failed to credit the underlying loan balance with" those payments. (*Id.* at 6.) Plaintiff seeks judgment setting aside the foreclosure sale and declarations regarding the parties' rights and interests, as well as recovery of his consequential damages, costs of court, and reasonable and necessary attorney's fees. (*Id.* at 7.)

## II.  MOTION TO DISMISS

Defendants move to dismiss Plaintiff's claim for wrongful foreclosure under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. (*See* doc. 14.)

A.   **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where

a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint.  *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).  Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Plaintiff attached to his complaint the Notice of Sale, the QWRs, and a proof of payment. (*See*

4

doc. 1 at 9-20.) These document are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.[3]

B. **<u>Wrongful Foreclosure</u>**

Defendants move to dismiss Plaintiff's wrongful foreclosure claim on grounds that he fails to allege sufficient facts to state a viable claim. (doc. 14 at 5.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). In Texas,[4] "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)); *see Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). A procedural defect may occur when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2.

---

[3]Defendants' motion refers to documents attached as exhibits, but no documents are attached to included with their motion. (doc. 14 at 9.)

[4]"It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A., v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Property is in Texas and the foreclosure sale at issue occurred in Texas. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."). The parties do not dispute that Texas law applies.

Nevertheless, recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011).

Here, Plaintiff alleges that the foreclosure sale of the Property should be set aside as void because it did not comply with the Deed of Trust and Texas Property Code § 51.002. (doc. 1 at 4.) He alleges that he was at the courthouse steps on the day of the foreclosure sale during the time frame stated on the Notice of Sale, but that no sale of the Property actually occurred. (*Id.*) Even assuming that these facts are sufficient to establish a defect in the foreclosure proceedings, he does not allege that the selling price of the Property was grossly inadequate. He also fails to allege any facts to support the inference that defects in the foreclosure sale caused the Property to be sold for a grossly inadequate selling price. *See Pollen v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (per curiam) (affirming dismissal of wrongful foreclosure claim where plaintiff "failed to allege ... a grossly inadequate selling price and a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price."); *Jackson v. Nations Direct Mortg., LLC*, No. CV H-20-264, 2020 WL 880827, at *2 (S.D. Tex. Feb. 21, 2020) (dismissing wrongful foreclosure claim where plaintiff only alleged the first element and made "allegations whatsoever regarding the sales price or the connection between the alleged defect in the proceedings and the sales price"); *Byrd v. Chase Home Fin. LLC*, No. 4:11-CV-022-A, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (dismissing wrongful foreclosure claim where plaintiffs alleged a procedural defect but failed to assert any facts showing a grossly inadequate selling price resulted from the defect). Because Plaintiff has not adequately alleged a claim for wrongful foreclosure, it should be dismissed for failure to state

6

a claim.[5]

### III.  *SUA SPONTE* DISMISSAL

Plaintiff also asserts claims for declaratory relief and an accounting. (doc. 1 at 5-6.) While Defendants did not move to dismiss these claims, these claims may be dismissed *sua sponte* under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice of the Court's intention and an opportunity to respond. *See Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015); *see also Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006).  The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

#### A.  <u>Declaratory Relief</u>

The Declaratory Judgment Act (the Act) allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however. *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and quotations omitted).  In other words, it is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

---

[5]Because the wrongful foreclosure claim is subject to dismissal, it is unnecessary to reach Defendants' other arguments on this claim.

Here, Plaintiff seeks declaratory relief regarding his interests in the Property. (doc. 1 at 5.) Given his failure to state a viable claim for relief against Defendants or show that a genuine controversy exists between the parties, his request for declaratory relief should be dismissed *sua sponte*. *See Bell*, 2012 WL 568755, at *8 (denying plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHome Key, Inc.*, 2011 WL 3606688, at *56 (N.D. Tex. Aug. 16, 2011), *aff'd by* 2013 WL 657772 (5th Cir. Feb. 22, 2013) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

**B.     Accounting**

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)). An accounting sought in equity "is proper when the facts and accounts presented are so complex [that] adequate relief may not be obtained at law." *Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *8 (N.D.Tex. Sept.7, 2010), *aff'd by* 453 F. App'x 473 (5th Cir. 2011) (quoting *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex.App.–Houston [14th Dist.] 2002, pet. denied)). "[I]f the party can contain similar relief through standard discovery, the trial court may decline to order an accounting." *Id.* If the request for an accounting "is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Watson*, 814 F. Supp.2d at 737 (citation omitted).

Here, Plaintiff "seeks an accounting of the loan to determine/establish whether the loan

8

balance was accurate at the time of acceleration of the loan." (doc. 1 at 7.) Even though he does not state the basis for his request for an accounting, the claim fails as a suit in equity or as a remedy because all of his claims are subject to dismissal. *See Richardson v. Wells Fargo Bank*, N.A., 873 F. Supp.2d 800, 817 (N.D. Tex. 2012) (finding that because the court dismissed all of plaintiff's causes of action, she was not entitled to relief in the form of an accounting). Additionally, he has not set forth any facts that would support a separate claim in equity for an accounting as there are no allegations that either the facts or the loan at issue are complex, or that he cannot obtain the accounting information he seeks through discovery. *See Brown*, 2011 WL 2200605, at *2. Because Plaintiff is not entitled to an accounting as a remedy, and his allegations are insufficient to state an equitable cause of action for an accounting with plausibility, his accounting claim should be dismissed *sua sponte*.

## IV. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp.2d 552, 567-68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir.

1999).

Here, Plaintiff has not amended his complaint since filing this action, and it does not appear that he has stated his best case with respect to any of his claims. He should accordingly be offered an opportunity to amend his complaint to sufficiently state a claim for relief.

## V.  RECOMMENDATION[6]

If Plaintiff does not file an amended complaint within the 14 days allowed for objections to this recommendation, or by a deadline otherwise set by the Court, Defendants' motion to dismiss should be **GRANTED**, his wrongful foreclosure claim should be **DISMISSED with prejudice** for failure to state a claim, and his remaining claims should be **DISMISSED with prejudice** *sua sponte* for failure to state a claim. If Plaintiff timely files an amended complaint, however, Defendants' motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint. Defendants' alternative motion for a more definite statement should be **DENIED as moot**.

**SO RECOMMENDED** on this 26th day of January, 2023.

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Because it has been recommended that Defendants' motion to dismiss under Rule 12(b)(6) be granted, their alternative motion for a more definite statement under Rule 12(e) should be denied as moot.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE