IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO CABALLERO,<br>       Plaintiff,<br><br>v.<br><br>FCI LENDER SERVICES, INC. et al.,<br>       Defendants. | §<br>§<br>§<br>§   Civil Action No. 3:22-CV-1578-N-BH<br>§<br>§<br>§   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Defendants FCI Lender Services, Inc[.'s] and Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E['s] Motion to Dismiss for Failure to State a Claim*, filed March 22, 2023 (doc. 27). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED.**

### I. BACKGROUND

This case involves the foreclosure of real property located at 14105 Rocksprings Court, Dallas, Texas 75254 (Property), which Antonio Caballero (Plaintiff) contends he owns. (*See* doc. 25 at 2.)[2]

In February 2022, a Notice of Substitute Trustee Sale (Notice of Sale) was recorded in the Real Property Records of Dallas County, Texas. (*Id.* at 11-12.) It stated that the foreclosure sale was being conducted pursuant to a deed of trust (Deed of Trust), which granted a security interest and power of sale in the Property to secure repayment for the indebtedness and obligations of Plaintiff (Obligations). (*Id.* at 12.) According to the Notice of Sale, the current owner and holder of the

---

[1] By *Special Order No. 3-251*, this foreclosure case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Obligations and the beneficiary under the Deed of Trust is Wilmington Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust V-E (Owner). (*Id.*) The foreclosure sale was scheduled to occur outside the Dallas County Courthouse between 1:00 p.m. and 4:00 p.m. on April 5, 2022. (*Id.* at 11.)

On March 28 and April 1, 2022, Plaintiff sent Qualified Written Requests (QWRs) to Owner and the mortgage servicer, FCI Lender Services, Inc. (Servicer) (collectively Defendants) "to address an accounting issue with [his] loan." (*Id.* at 6, 14-20.) He advised them that past payments totaling $104,800.55 had not been credited to his mortgage loan account, and he demanded that they stop the foreclosure sale. (*Id.* at 14-20.) He contends that he was "at the courthouse steps . . . prior to 1:00 p.m. and beyond 4:00 p.m." on April 5, 2022, but no sale of the Property was conducted "during the timeframe identified in the Notice of Sale." (*Id.* at 4.) Claiming that the Property was sold on April 5, 2022, however, Owner has filed eviction proceedings against him. (*Id.* at 5.)

On July 20, 2022, Plaintiff sued Defendants for wrongful foreclosure, declaratory relief, and an accounting. (doc. 1 at 3-7.) On August 25, 2022, Defendants moved to dismiss for failure to state a claim. (doc. 14.) It was recommended that the motion to dismiss be granted, but that Plaintiff be permitted to amend his complaint. (doc. 23 at 10.) On February 9, 2023, Plaintiff filed his amended complaint. (doc. 25.) It alleges that the foreclosure sale of the Property did not strictly comply with the terms of the Deed of Trust and Texas Property Code § 51.002. (*Id.* at 5.) It also contends that he made payments totaling $104,800.55, but that Defendants "failed to credit the underlying loan balance with" those payments. (*Id.* at 7.) Plaintiff seeks judgment setting aside the foreclosure sale and declarations regarding the parties' rights and interests, as well as recovery of his consequential damages, costs of court, and reasonable and necessary attorney's fees. (*Id.*)

2

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a plausible claim for relief. (*See* doc. 14.)

**A.** **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

>misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 683.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings," a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a motion to dismiss include attachments to the complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted). Accordingly, documents falling in these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Norris v. Hearst Tr.*, 500 F.3d 454,

4

461 n.9 (5th Cir. 2007).

Plaintiff attached to his complaint the Notice of Sale, the QWRs, and a proof of payment. (*See* doc. 1 at 11-22.) These documents are therefore considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205.

**B.     Failure to Tender**

Defendants move to dismiss Plaintiff's amended complaint on the ground that he has failed to tender the full amount owed on the note.[3] (doc. 27 at 9.)

"For a foreclosure sale to be set aside or cancelled, the mortgagor must tender the amounts due and owing under the note and deed of trust." *Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *7 (N.D. Tex. Aug. 19, 2011). "Texas courts have made clear that 'a necessary prerequisite to the … recovery of title … is tender of whatever amount is owed on the note.'" *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.)). "Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." *Fillion*, 709 S.W.2d at 246 (citing

---

[3]Defendants also move to dismiss on the ground that Plaintiff has failed to plead facts supporting the elements of wrongful foreclosure. (doc. 27 at 5.) Plaintiff responds that he never intended to assert a claim for wrongful foreclosure, but instead intended to pursue a separate cause of action to set aside the foreclosure sale. (*See* doc. 24 at 3; doc. 30 at 4-5.) There is disagreement among Texas courts about whether a suit to set aside the foreclosure sale is a cause of action that is wholly independent from a claim for wrongful foreclosure, or whether having the sale set aside is simply a remedy on a claim for wrongful foreclosure. *Compare Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982) (plaintiffs were "seeking damages for wrongful foreclosure, rather than seeking to set aside the deed"), *and Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 594-93 (Tex. App.–Dallas 2012, no pet.), *with Fenimore v. Gonzales Cnty. Sav. & Loan Ass'n*, 650 S.W.2d 213, 214 (Tex. App.–San Antonio 1983, writ ref'd n.r.e.), *and BAPA Brooklyn 2004, LLC v. Michael A. & Maria D. Twiehaus Revocable Living Tr.*, No. 05-21-00180-CV, 2022 WL 2526975, at *2 (Tex. App.–Dallas July 7, 2022, no pet. h.). Regardless, Plaintiff has failed to satisfy a necessary prerequisite for bringing either type of claim. *See Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-CV-2588-B, 2018 WL 3570097, at *4 (N.D. Tex. July 24, 2018).

*Willoughby v. Jones*, 251 S.W.2d 508 (1952)); *see also Cruz v. CitiMortgage, Inc.*, No. 3:11-CV-2871-L, 2012 WL 1836095, at *5 (N.D. Tex. May 21, 2012).

Here, Plaintiff has not alleged that he has tendered the full amount due under the note; nor has he even acknowledged the issue of tender in his pleadings or response to the motion to dismiss. (*See generally* doc. 25, doc. 30.) He also makes no argument that this case is exceptional and does not require tender. *See Douglas v. Wells Fargo Bank, N.A.*, No. 3:17-CV-2588-B, 2018 WL 3570097, at *4 (N.D. Tex. July 24, 2018). Because Plaintiff has failed to plead a necessary precondition to bringing suit either for wrongful foreclosure or to separately set aside the foreclosure sale, Defendants' motion to dismiss for failure to state a claim should be granted.

### C. Declaratory Relief

Defendants move to dismiss Plaintiff's request for declaratory relief on the basis that it is simply a remedy for Plaintiff's foreclosure-sale claims. (doc. 27 at 9-10.)

The Declaratory Judgment Act allows a federal court to declare the rights and legal relations of any interested party. 28 U.S.C. § 2201. The availability of a declaratory judgment depends upon the existence of a judicially remediable right, however. *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).

Here, Plaintiff seeks declaratory relief regarding his interest in the Property. (doc. 25 at 6.) Given his failure to state a viable claim for relief against Defendants or show that a genuine controversy exists between the parties, his request for declaratory relief should be dismissed.

### D. Accounting

Defendants also move to dismiss Plaintiff's request for an accounting on the basis that it is simply a remedy for Plaintiff's foreclosure-sale claims. (doc. 27 at 9-10).

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson v. CitiMortgage, Inc.*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)). An accounting sought in equity "is proper when the facts and accounts presented are so complex [that] adequate relief may not be obtained at law." *Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *8 (N.D. Tex. Sept. 7, 2010), *aff'd by* 453 F. App'x 473 (5th Cir. 2011) (quoting *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex.App.–Houston [14th Dist.] 2002, pet. denied)). "[I]f the party can obtain similar relief through standard discovery, the trial court may decline to order an accounting." *Id.* If the request for an accounting "is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Watson*, 814 F. Supp. 2d at 737 (citation omitted).

Here, Plaintiff's request for an accounting fails as a suit in equity or as a remedy because all of his claims are subject to dismissal. *See Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 817 (N.D. Tex. 2012) (finding that because the court dismissed all of plaintiff's causes of action, she was not entitled to relief in the form of an accounting). Additionally, he has not set forth any facts that would support a separate claim in equity for an accounting as there are no allegations that either the facts or the loan at issue are complex, or that he cannot obtain the accounting information he seeks through discovery. *See Brown*, 2011 WL 2200605, at *2. Because Plaintiff is not entitled to an accounting as a remedy, and his allegations are insufficient to state an equitable cause of action for an accounting with plausibility, his accounting claim should be dismissed.

7

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, C.J.) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiff was granted leave to file an amended complaint regarding his claims against Defendants after dismissal of his prior complaint was recommended for failure to state a claim. (*See* doc. 23 at 10.) His amended complaint also fails to state a viable claim against Defendants, and he has not moved for leave to amend his complaint again in response to the motion to dismiss. It appears that he has alleged his best case, and no further opportunity to amend is warranted.

### IV. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**, and Plaintiff's claims against them should be **DISMISSED with prejudice.**

**SO RECOMMENDED** on this 20th day of September, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE